Submitted on record and appellant's brief January 27, reversed February 10, 1975

MALLORY (No. 33300), *Respondent, v.* MOTOR VEHICLES DIVISION, *Appellant.*

531 P2d 758

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Jim G. Russell, Assistant Attorney General, Salem, for appellant.

No appearance by respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant Motor Vehicles Division appeals from a circuit court judgment which reversed a hearing referee order which had found the petitioner had refused to take a breathalyzer test after being arrested on October 13, 1972 for DUIL.

The appeal to the circuit court was based on three alleged grounds: (1) that the arresting officer did not have reasonable grounds to believe the petitioner had been driving while under the influence; (2) that petitioner's refusal to submit was not established; and (3) that the report required of the officer under the implied consent law was improperly notarized.[1]

The only witness was the arresting officer. He was called by petitioner. The officer testified extensively about circumstances which, if the officer were in any substantial measure believed, would amply demonstrate that reasonable grounds existed for the arrest. There was no testimony about refusal to take the test. The report of the refusal required by ORS 483.634(2) was in evidence, however, and it states that there was refusal.

The officer in his testimony admitted to having inaccurately stated the number of the highway in de-

---

[1] The circuit court did not reach this question in its decision. However, the petitioner offered the report and it was received, together with a Secretary of State's certificate concerning the commission of the notary. Examination of these documents discloses that the contention made, even if it were properly before the court, is groundless.

scribing the location of the place of arrest in his citation and to having initially cited petitioner into the wrong court. The accuracy of his testimony was closely questioned in several material regards by petitioner's counsel.

At the conclusion of the case the court, sitting without a jury, found:

> "* * * [T]he plaintiff [petitioner] failed to establish its ground number two [(2) set out above] * * *.

> "* * * * *.

> "* * * I make a factual determination and not a legal determination that I don't believe the officer, and I find in favor of the plaintiff and against the defendant."

This was the basis for the court's determination against defendant Motor Vehicles Division on Point (1) of the appeal (above) and for reversal of the hearing referee's order.

■ In *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 450 P2d 775 (1969), the Oregon Supreme Court held that in this kind of case the petitioner has the burden to prove by a preponderance of the evidence lack of reasonable ground to believe the petitioner was driving under the influence.

The proof of a fact must be based upon evidence. The trial court here apparently disbelieved all of the only testimony offered; therefore, the state contends that there was no evidence upon which to base an inference. McCormick says:

> "* * * [O]ne who has the burden of pleading a negative fact as part of his cause of action generally has the accompanying burdens of producing evidence and persuasion * * *.

"* * * * *.

"* * * Very often one must plead and prove matters as to which his adversary has superior access to the proof * * *." McCormick, Evidence 785, 786-87, § 337 (hornbook series, 2d ed 1972). (Footnote omitted.)

■ Can the court, disbelieving evidence which if believed would destroy the pleader's case, substitute that disbelief as evidence in support of the pleader's burden of proof?

This question was answered negatively in *Lubin v. Lubin,* 144 Cal App 2d 781, 795, 302 P2d 49 (1956), where the court said:

"* * * [F]or disbelief does not create affirmative evidence to the contrary of that which is discarded. 'The fact that one testified falsely may, and usually does, afford an inference that he or she is concealing the truth but it does not reveal the truth itself or warrant an inference that the truth is the direct converse of the rejected testimony.' (*Estate of Bould,* 135 Cal.App.2d 260, 265 [287 P.2d 8, 289 P.2d 15].)" (Brackets theirs.)

*See also Hyslop v. Boston & Maine Railroad,* 208 Mass 362, 94 NE 310 (1911).

There well may have been other unused evidence which, if credible, would have been germane to the proposition petitioner had to disprove. For instance, petitioner did not take the stand, and he did not call another witness whom the record indicates was present. It was not up to the Motor Vehicles Division to call these witnesses, for the burden was upon the petitioner.

Reversed.